WALTER HARMON AND ARTHUR REGALIA, TRADING AS HARMON & REGALIA, PARTNERS, PROSECUTORS, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY, AND THE PUBLIC SERVICE CO-ORDINATED TRANSPORT, RESPONDENTS.

Argued October term, 1932—Decided December 19, 1932.

Before Justices PARKER and LLOYD.

For the prosecutors, *Nicholas S. Schloeder*.

For the respondents, *John A. Bernhard* and *Charles S. Straw*.

PER CURIAM.

On January 31st, 1931, prosecutors presented an application to the board of public utility commissioners for the "transfer of a local permission to operate auto buses between North Bergen and Journal Square, Jersey City, and intermediate points," running through various municipalities. The application was denied in May following, and some months later the prosecutors presented a new application for an amended order to enable them to apply to this court for a writ of *certiorari*.

The first application set forth a permission from the Boulevard commissioners of Hudson county, issued to Walter Harmon, one of the petitioners, but set out no approval of a transfer to the present petitioners. In the renewed application it was set forth that "an application for a rehearing was made at which time an additional fact was offered, namely, that the Hudson county park commissioners, successors to the board of boulevard commissioners, consented to the transfer of the original consent granted March 26th, 1925, to Walter Harmon, said consent to transfer being dated March 10th, 1931."

The consent to transfer is not printed in the record and it is difficult to determine just what is meant by the last quoted paragraph of the petition. The board of utility commissioners, however, seems to have understood it as averring that the park commissioners had consented to a transfer of the right to operate from Harmon to the petitioners, Harmon and Regalia, and to have again denied the application, and that on the ground that the consent of the municipalities through which the route ran had not consented to its operation. So far as appears no title to the buses

themselves was ever transferred from Harmon to the partnership.

Passing difficulties arising from the various petitions themselves as possible barriers to favorable action by the utility commissioners, such as the failure to establish an approval of the transfer to Harmon and Regalia, or to establish that the alleged partnership had any interest in the bus or its route, we think the court properly held that the law contemplated a municipal consent to operation within the confines of a municipality through which the route may run. Chapter 144, laws of 1926, page 220. Section 2 of this act provides that "no auto bus * * * shall be operated or run * * * wholly or partly along any street in any municipality, whether such operation is over a route wholly or partly within the territorial limits of such municipality, * * * until the persons owning or possessing the right to use the same shall obtain the consent of the board or body having control of public streets in such municipality for such operation and the use of any street or streets in such municipality;" and the act further provides that a consent so granted should not become effective and operation permitted until the holder shall file a bond with the chief fiscal officer of the municipality by which said consent was granted to protect persons injured or killed, and that the license may "be revoked by the board or body of the municipality."

In the present instance no consent was ever obtained from the municipal authorities and the utility commissioners properly refused the application, on the ground stated in the opinion filed by that tribunal.

Even were the situation otherwise we could not see our way to set aside the action taken by that body for the following reasons:

(1) It was not adequately averred or proved that Harmon and Regalia ever received a transfer from Harmon, or

(2) That Harmon and Regalia ever received from the Hudson county park commissioners a transfer;

(3) Such applications are addressed to the discretion (in its approval) of the board of public utility commissioners and

there is certainly nothing to impugn the integrity of the board in a refusal on such an application as is here presented. The fact that counsel representing Public Service Co-ordinated Transport, during the progress of the hearing, agreed that the only question was as to the sufficiency of the consent, does not make it so, and cannot aid the prosecutors. So far as appears, Public Service Co-ordinated Transport had no interest or concern in the matter, much less authority to agree to facts upon which the board could act.

The order of the board of public utility commissioners is affirmed.